

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                 CASE NO. 04-20705-CR-SEITZ

    Plaintiff,

v.

DARRYL RICHARDSON,

    Defendant.
_____/

### DEFENDANT'S OBJECTIONS TO THE
### PRESENTENCE INVESTIGATION REPORT

The defendant, Darryl Richardson (hereinafter "Mr. Richardson") by and through his undersigned counsel, and pursuant to U.S.S.G. §§ 6A1.2-3, p.s., Fed.R.Crim. P. 32 (d), 32 (e) (2), 32 (f) and the Fifth Amendment to the United States Constitution, respectfully registers his objections to the Presentence Investigation Report, and as grounds therefore, states as follows:

### DEFENDANT'S ACKNOWLEDGMENT OF PSI DISCLOSURE

On March 22, 2006 undersigned counsel received a revised copy of the Presentence Investigation Report (herein after "PSI") from the United States Probation Office (hereafter "USPO"), In accordance with Fed.R.Crim.P.32, undersigned counsel promptly reviewed the PSI

with Mr. Richardson and his objections follow pursuant to the applicable local rules and practices regarding sentencing.

Mr. Richardson and his counsel certify that they have had an adequate opportunity for a meaningful review of the PSI prior to the imposition of a sentence in accordance with Fed.R.Crim.P. 32.

## THE OFFENSE CONDUCT

Mr. Richardson objects to paragraphs 3, 4, 5 and 6 on page 4; paragraphs 7, 8, 9, 10 and 11 on page 5; paragraphs 12, 13, 14, 15 on page 6; and paragraphs 16 and 17 on page 7. Mr. Richardson objects to the reliability of the evidence used to establish the drug quantity attributed to him. The drug quantity is based on the testimony of several cooperating witnesses who's testimony is unreliable and uncorroborated. Although the jury necessarily had to believe one or more of these witnesses in order to reach their verdict that Mr. Richardson was guilty of conspiring to possess with intent to distribute 5 or more kilograms of cocaine, several of these witnesses are not worthy of belief.

Gregory Barnes testified inconsistently about how he knew Mr. Richardson. In an interview he told Detective Gross that he knew Mr. Richardson from the streets of Miami. In his sworn testimony, he testified that his wife contacted him about an individual that she met who wanted to hook up with him in Atlanta. Barnes also contradicted himself regarding how Mr. Richardson got to Atlanta. In his prior testimony he said that he (Barnes) came down to Miami and picked him up after Mr. Richardson graduated from high school. Barnes later testified that his father and his wife had come down from Atlanta and picked up Mr. Richardson, and that when he said that "he" picked him up he meant that "they" picked him up. Barnes' testimony regarding his relationship with Mr.

2

Richardson was also contradicted by Jesus Wilson. Jesus Wilson testified that Barnes told him in 2000 that he (Barnes) had set up Mr. Richardson in the music business in Atlanta and did not mention anything about drugs.

Derrick Blake was the least credible of the government's witnesses. The only thing consistent about his testimony was his willingness to lie on the stand at every proceeding. The testimony of Narvis Benton and Rocky Marshall was totally fabricated. Mr. Richardson submits that the first time he met Narvis Benton and Rocky Marshall was when they appeared in court to testify against him. He had never seen either of these individuals before in his life.

Jesus Wilson lied under oath in all three trials against Mr. Richardson. The testimony of Derrick Gloster is illogical and unreliable. According to Gloster, he and Mr. Richardson were both substantial drug dealers. Even though Gloster had known Mr. Richardson for many years, they never did a single drug transaction together.

Likewise, Christopher Mitchell's testimony is also illogical, unreliable and uncorroborated. Mitchell said that he was introduced to Mr. Richardson so that he (Mitchell) could buy cocaine in the Atlanta area and avoid having to travel all the way to Miami. Mitchell then turns around and testifies that he traveled to Miami to drop-off currency and transported cocaine back up North to Kentucky on numerous occasions.

Regarding the Union City, Georgia incident, Mr. Richardson is mindful that the Court may consider acquitted conduct in determining his applicable sentencing guidelines range. Mr. Richardson was found not guilty by a jury in Atlanta in 1998 because there was no physical evidence linking Mr. Richardson to the kilo of cocaine which was found inside the apartment. The physical evidence actually contradicted the government's theory of Mr. Richardson's guilt. It is significant

3

that Jesus Wilson did not testify in the Union City trial. In federal court in Miami, Jesus Wilson lied under oath regarding whether he ever observed Mr. Richardson holding the kilo of cocaine.

The government also attempts to establish the facts of the Union City incident through the testimony of Roshawn Davis. It is inconceivable that the government would suggest that Roshawn Davis's testimony is probative of anything, other than the fact that perhaps that he is a pathological liar. Certainly, anything uttered by Roshawn Davis cannot be considered to be reliable or to satisfy a preponderance of the evidence test.

In conclusion, the testimony of these witnesses should not be the basis for depriving Mr. Richardson of thirty years of his life.

## OBSTRUCTION OF JUSTICE

Mr. Richardson objects to paragraph 19 on page 7 wherein the government suggests that Mr. Richardson should receive a two-offense level increase pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. The government's suggestion is based on Mr. Richardson's use of a false driver's license and address during the Union City, Georgia incident and throughout the charged conspiracy.

Application Note 5A to U.S.S.G. § 3C1.1 of the guidelines suggests that this type of conduct ordinarily does not warrant and adjustment for obstruction of justice except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense. This is clearly not the case here. The use of the false driver's license and identity did not in any way affect the investigation or the outcome of the case in Union City, Georgia, and it cannot be said that it affected the investigation, prosecution or sentencing of the instant offense. The government's suggestion is without merit and should be denied.

4

## THE DEFENDANT'S CRIMINAL HISTORY

Mr. Richardson objects to the evidential basis used by the probation office to determine the fact of the prior conviction and the certainty that the defendant in those prior cases was, in fact, Darryl Richardson. Mr. Richardson objects to paragraphs 32, 34, 35, 36 and 37 of the PSI wherein he is attributed a total of four criminal history points.

In paragraph 32, Mr. Richardson is attributed one criminal history point pursuant to U.S.S.G. § 4A1.1(c) as a result of a 1993 conviction in Atlanta, Georgia for carrying a concealed weapon and driving with a suspended/revoked license.

In paragraph 34, Mr. Richardson is attributed one criminal history point pursuant to U.S.S.G. § 4A1.1(c) as a result of a 1995 conviction in Atlanta, Georgia for simple battery (two counts) and theft by taking.

In paragraph 36, Mr. Richardson is attributed two criminal history points pursuant to U.S.S.G. § 4A1.1(d) because he is alleged to have committed the instant offense while serving a term of probation for the 1995 conviction in Atlanta, Georgia referred to in paragraph 34 herein.

In order to establish Mr. Richardson's prior criminal record, the probation office relies in part on a letter from the United States Probation Office for the Northern District of Georgia dated February 23, 2006 (copy attached hereto). This letter is not a certified copy of an indictment or a judgment in a criminal case. Additionally, this letter does not contain any fingerprints or mugshot or any other identifying information which would establish with certainty that the individual who was the subject of those convictions was Darryl Richardson. The failure to provide certified court documents and fingerprints, photographs or other supporting documentation, leaves Mr. Richardson

unable to present adequate and relevant rebuttal evidence to the suggestion that he is the individual that was the subject of these prior convictions.

In the case of *Untied States v. Rodriguez*, 897 F.2d 1324, 1326 (5th Cir. 1990), the court explained that "There must be an acceptable evidential basis' for the court's fact finding at the sentencing hearing." The only evidence in the instant case from which the probation office can conclude that Mr. Richardson has a prior conviction is the letter from the probation office in the Northern District of Georgia.

## **CONCLUSION**

Based upon the foregoing, the defendant, Darryl Richardson requests that the court sustain his objections to the Presentence Investigation Report.

> Respectfully submitted,
>
> Law Offices of Oscar Arroyave, P.A
> 2937 SW 27th Avenue, Suite 202
> Coconut Grove, Florida 33133
> Phone: (305) 443-1600; Fax: (305)445-9666
> Attorney for the Defendant
>
> BY:_____
>    OSCAR ARROYAVE, ESQ.
>    Florida Bar No. 298859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via fax and U.S. mail on this 24 day of March, 2006 to Assistant United States Attorney Karen Rochlin Bryan the U.S. Attorney's Office, 99 N.E. 4th Street Miami, Florida 33132; and to the U.S. Probation Officer Maria Monge at U.S. Probation Office located at 300 NE 1st Avenue, Room 315, Miami, Florida 33132.

BY:_____
OSCAR ARROYAVE, ESQ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
PROBATION OFFICE
900 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303-3309

THOMAS W. BISHOP
CHIEF PROBATION OFFICER

(404) 215-1950
FAX (404) 331-0160

February 23, 2006

Maria Luisa Monge
United States Probation Officer
Room 315, U.S. Courthouse
300 N.E. First Avenue
Miami, Florida 33132-2126

RE: Richardson, Darryl
**COLLATERAL RESPONSE**

Dear Ms. Monge:

The following information is submitted in response to your collateral request on the above-named defendant.

## CRIMINAL HISTORY:

An NCIC and a local inquiry revealed the following arrests/convictions in our area:

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 1-8-90 | Giving False Name/Information to Police | Dekalb County State Court, Decatur, Georgia Case #90C62784 | 6-13-90: No accusation filed |

There was no accusation file on this case. The charge was assigned a case number for statistical purposes.

| | | | |
|---|---|---|---|
| 10-31-90 | Carrying a Concealed Weapon without a License | Fulton County State Court, Atlanta, Georgia | 6-4-91: Dead Docketed (No further action anticipated) |

Criminal Case 90CR96060 charges that on October 31, 1990, the defendant carried a weapon outside of his home, motor vehicle and place of business in a concealed manner without a license. The case was placed upon the Dead Docket after the arresting officer had been dismissed by the Atlanta, Georgia, Police Department.

| | | | |
|---|---|---|---|
| 4-28-91 | Driving with Suspended/Revoked License | Atlanta Traffic Court, Atlanta, Georgia | Date Unknown: Fined $300.00 |

Atlanta Traffic Court records are destroyed ten years after the disposition of the case. The above information was obtained from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia.

| | | | |
|---|---|---|---|
| 11-14-93 | Charge 1: Carrying a Concealed Weapon<br>Charge 2: Driving with Suspended/Revoked License | Atlanta Traffic Court, Atlanta, Georgia | 4-2-98: Fined $200.00 |

Atlanta Traffic Court records are destroyed ten years after the disposition of the case. The above information was obtained from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia.

| | | | |
|---|---|---|---|
| 12-15-93 | Driving with Suspended/Revoked License | Atlanta Traffic Court, Atlanta, Georgia | 4-2-98: Fined $159.00 |

Page 2
Richardson, Darryl
February 23, 2006

Atlanta Traffic Court records are destroyed ten years after the disposition of the case. The above information was obtained from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia.

| 3-30-95 | Count 1: Simple Battery (2 Counts) Count 2: Theft by Taking | Fulton County State Court, Atlanta, Georgia Case 94CR170351 | 6-13-96: Count 2: 12 months probation Count 1: Not guilty |

The file on this case has been requested. When the file is located, court documents will be forwarded to your attention. The above information was obtained from the Fulton County State Court Clerk's Office computer database and from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia.

| 9-25-96 | Charge 1: Driving with Suspended/Revoked License Charge 2: Giving a False Name | Atlanta Police Department, Atlanta, Georgia | No available information |

A search of the records at Fulton County State and Superior Court Clerk's Offices, the county seat for Atlanta, Georgia did not reveal any information regarding this charge. The above information was obtained from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia. A request for information has been made at Atlanta Traffic and Municipal Courts. If court documents are found, they will be forwarded to your attention. The above information was obtained from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia.

| 10-1-96 | Carrying a Concealed Weapon | Atlanta Traffic Court, Atlanta, Georgia | 11-21-96: Not guilty |

The above information was obtained from a query of the Georgia Crime and Information Center's computer, the criminal repository for the state of Georgia.

| 4-21-97 | Count 1: Trafficking in Cocaine Count 2: Possession with Intent to Distribute Cocaine Count 3: Aggravated Assault | Fulton County Superior Court, Atlanta, Georgia | 11-4-99: Counts 1-3: Found not guilty by jury trial |

Criminal Case Y14046 charges that on April 21, 1997, Wendell Todd Perry, Sedrick Maurice Barnett, Frederick Lewis Bell, Roshawn Davis, James Patterson and the defendant, using the name, Bobby White, did possess with intent to distribute a quantity of a mixture of cocaine that had a purity of at least 10 percent of cocaine and weighed in excess of 28 grams. The defendants also committed an assault upon the person of Jason Ware by shooting him with a handgun.

If further assistance is needed, please contact me at (404) 215-1931.

Sincerely,

Atonya M. Craft
Sr. U. S. Probation Officer

Approved:

Keith E. Hayes
Supervising U. S. Probation Officer

AMC/Enclosure (s)

**RE-INDICTMENT**

| | |
|---|---|
| 7-25-64 B/M | 5-1-97 UNION CITY |
| 8-23-69 B/M | 4-22-97 UNION CITY |
| 8-12-71 B/M | 4-22-97 UNION CITY |
| 4-3-72 B/M | 4-24-97 UNION CITY |
| | 9851633 97002808 |
| 6-9-75 B/M | 4-24-97 UNION CITY |
| | 9815381 97002808 |
| 4-1-71 B/M | 4-24-97 UNION CITY |
| | 9851634 97002608 |

**WITNESSES:**

UNION CITY P.D.:
L. Brown — O
B. Yarian
C. Odom
K. Hester
K. Smith
R. Candy
L. Martin

Jason Ware
5 Dellvue Place
Rome, Georgia

as to Frederick Lewis Bell

Upon motion of Asst. Dist. Atty. _____
the within indictment is ordered placed upon the dead docket and the surety is relieved of liability in this case unless judgment has been entered against the bond.
This the 4 day of November 19 99.
NOV 4 1999
B. Lane
JUDGE, FULTON SUPERIOR COURT, A.J.C.

as to James Patterson

Upon motion of Asst. Dist. Atty. _____
the within indictment is ordered placed upon the dead docket and the surety is relieved of liability in this case unless judgment has been entered against the bond.
This the 4 day of November 19 99.
NOV 4 1999
B. Lane
JUDGE, FULTON SUPERIOR COURT, A.J.C.

---

Clerk's No. V14046

**FULTON SUPERIOR COURT**

SEP 1 1999

**THE STATE**
vs.
**WENDELL TODD PERRY, SEDRICK MAURICE BARNETT, FREDERICK LEWIS BELL, ROSHAWN DAVIS, JAMES PATTERSON (Cts. 1 & 2) and BOBBY WHITE (Cts. 1-3)**

**TRAFFICKING IN COCAINE (FELONY), VIOLATION GEORGIA CONTROLLED SUBSTANCES ACT (FELONY) and AGGRAVATED ASSAULT (FELONY)**

True Bill

_____ Foreman
22 day of Jan. 1999

Roshawn Davis
waives copy of indictment, list of witnesses, full panel, formal arraignment, and pleads:
Not guilty
_____ Dist. Atty.
Roshawn Davis Def't.
_____ Def't. Atty.
30 day of July, 1999

FREDERICK BELL
waives copy of indictment, list of witnesses, full panel, formal arraignment and pleads:
NOT GUILTY
_____ 
Frederick Bell
_____ Defendant's Attorney
a 30 July 1999
Not Guilty

as to Roshawn Davis only

Upon motion of Asst. Dist. Atty. _____
the within indictment is ordered placed upon the docket and the surety is relieved of liability in case unless judgment has been entered against the bond.
This the 17 day of September 19 99
SEP 17 1999
B. Lane
JUDGE, FULTON SUPERIOR COURT, A.J.C.

BOOK 3100 PAGE

STATE OF GEORGIA, COUNTY OF FULTON

IN THE SUPERIOR COURT OF SAID COUNTY.

THE GRAND JURORS selected, chosen and sworn for the County of Fulton, to-wit:

1. Billy D. Pounds, Foreperson
2. ~~Paul J. Hynes, Asst. Foreperson~~
3. Deloise Mathews, Secretary
4. ~~Christine Anne Hettinger, Asst. Secretary~~
5. Nancy Alexander
6. George A. Allen
7. Norma Joy Barnes
8. Gwendolyn L. Brown
9. Samuel Daniel
10. Tracy Denise Douglas
11. Pullias Far-d
12. Clara Farley
13. Randy Roy Hillhouse
14. John M. Jordan
15. Cecil D. Kirby
16. Gloria Jean Lovejoy
17. John W. Marshall
18. Danny Moore
19. ~~Steve Olson~~
20. ~~George W. Payne~~
21. Linda W. Pritchett
22. ~~William AW Salter~~
23. Mario Antonio Strickland
24. ~~Cary Andre Cooper, Alt. 1~~
25. ~~Thomas G. Alcott, Alt. 2~~
26. ~~Bradley W. Gordon, Alt. 3~~

in the name and behalf of the citizens of Georgia, charge and accuse -

**WENDELL TODD PERRY, SEDRICK MAURICE BARNETT, FREDERICK LEWIS BELL, ROSHAWN DAVIS, JAMES PATTERSON and BOBBY WHITE**

with the offense of -

**TRAFFICKING IN COCAINE (FELONY)**

*as to Bobby Wh.*

We the Jury Find the Defendant Not Guilty / Not Guilty

for that said accused, in the County of Fulton and State of Georgia,
on the 21st day of April, 1997,

*Robin R. Nixon -*
*11-4-99*
*FEB 14?*
*P. Brown*

was unlawfully and knowingly in possession of a quantity of a mixture of Cocaine as described in Schedule II of the Georgia Controlled Substances Act and said mixture had a purity of at least 10 percent of Cocaine and the weight of said mixture was in excess of 28 grams; -

contrary to the laws of said State, the good order, peace and dignity thereof.

**FILED IN OFFICE**
NOV 5 1999
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GEORGIA

PAUL L. HOWARD, JR., District Attorney

Special Presentment

BOOK    PAGE
03106 - 109

## COUNT TWO

**THE GRAND JURORS**, selected, chosen and sworn for the County of Fulton aforesaid, in the name and behalf of the citizens of Georgia, charge and accuse

**WENDELL TODD PERRY, SEDRICK MAURICE BARNETT, FREDERICK LEWIS BELL, ROSHAWN DAVIS, JAMES PATTERSON and BOBBY WHITE**

with the offense of -

**VIOLATION GEORGIA CONTROLLED SUBSTANCES ACT (FELONY)**

We the Jury find the defendant not guilty

for that said accused, in the County of Fulton and State of Georgia, on the 21st day of April, 1997,

Not Guilty as to Bobby White
Rali R. Moore
11/4/99

did unlawfully possess and have under their control cocaine, a controlled substance in Schedule II of said Act; said possession being with intent to distribute said drug; -

contrary to the laws of said State, the good order, peace and dignity thereof.

FILED IN OFFICE
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GEORGIA

PAUL L. HOWARD, JR., District Attorney

Special Presentment
BOOK    PAGE
03105 - 110

## COUNT THREE

**THE GRAND JURORS**, selected, chosen and sworn for the County of Fulton aforesaid, in the name and behalf of the citizens of Georgia, charge and accuse

**BOBBY WHITE**

with the offense of -

### AGGRAVATED ASSAULT (FELONY)

*We the Jury find the Defendant not guilty.*
*Not Guilty as to Bobby White*
*[signatures]*
*11-4-99*
*FEB 14 2001*
*P. Brown*

for that said accused, in the County of Fulton and State of Georgia, on the 21st day of April, 1997,

did unlawfully commit an assault upon the person of Jason Ware by shooting him with a handgun, the same being a deadly weapon; -

contrary to the laws of said State, the good order, peace and dignity thereof.

**FILED IN OFFICE**
May 5 1999
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GEORGIA

**PAUL L. HOWARD, JR.**, District Attorney

BOOK PAGE
Special Presentment
0310 - 111

MOTION AND ORDER TO PLACE CASE UPON THE

DEAD DOCKET

STATE OF GEORGIA ) STATE COURT OF FULTON COUNTY
)
v. ) CASE NO. 96060
)
Darryl Leonardo ) OFFENSE: Concealed Weapon
Richardson )
MOTION TO DEAD DOCKET Pistol w/out License

Now comes the State and moves this Honorable Court to place the above stated case upon the dead docket of the Court on the following grounds: Sole arresting officer, S.B. Jackson, has been dismissed by the Atlanta Police Dept, w/no forwarding address.

_____
SOLICITOR, STATE COURT OF FULTON COUNTY

ORDER

Upon consideration of the foregoing motion, the same GRANTED, and it is ORDERED that the above stated case be placed on the Dead Docket of this Court.

This the 4 day of June 19 91.

_____
JUDGE, STATE COURT OF FULTON COUNTY

## IN THE STATE COURT OF FULTON COUNTY, GEORGIA
### CRIMINAL DIVISION

| | |
|---|---|
| State of Georgia<br><br>vs.<br><br>DARRYL LEONARDO RICHARDSON<br>Defendant. | Accusation No. 96060 A<br><br>CARRYING CONCEALED WEAPON |

I, James L. Webb, in the name and behalf of the citizens of Georgia, charge and accuse DARRYL LEONARDO RICHARDSON _____ with the offense of MISDEMEANOR, for that the said accused, in the County of Fulton, on the __31st__ day of __October__, 19 _90_, did knowingly have about his person, outside of his home, motor vehicle, and place of business, not in an open manner and fully exposed to view, a firearm, to-wit: a pistol, without having on his person a valid license issued under the Official Code of Georgia Annotated Section 16-11-129, and the said pistol was not being carried by the said accused herein in a case, unloaded, and separated from the ammunition,

contrary to the laws of this State, the good order, peace and dignity thereof.

Date Filed: DEC 01 '90

James L. Webb, Solicitor General

D/mjh                                    C#:  108682

# IN THE STATE COURT OF FULTON COUNTY, GEORGIA
## CRIMINAL DIVISION

| | |
|---|---|
| State of Georgia<br>vs.<br>DARRYL LEONARDO RICHARDSON<br>Defendant. | Accusation No.  96060 b<br><br>CARRYING PISTOL WITHOUT LICENSE |

I, James L. Webb, in the name and behalf of the citizens of Georgia, charge and accuse DARRYL LEONARDO RICHARDSON with the offense of MISDEMEANOR, for that the said accused, in the County of Fulton, on the 31st day of October, 19 90, did have about his person, outside of his home, motor vehicle, and place of business, a pistol, without having on his person a valid license issued by the Judge of the Probate Court of the County in which he resides,

contrary to the laws of this State, the good order, peace and dignity thereof.

Date Filed:   DEC 01 '90

James L. Webb, Solicitor General

D/mjh        C#:   108682